# IN RE ASSESSMENT OF TAXES, CASTLE & COOKE, LIMITED.

## APPEAL FROM TAX APPEAL COURT, HONOLULU.

SUBMITTED MARCH 25, 1903.          DECIDED JUNE 1, 1903.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

Goods purchased without and not yet within the Territory at the date of assessment, are not taxable under the laws of this Territory.

The valuation of the taxable property of the appellant fixed in accordance with the principles declared in the case of *C. Brewer & Co.*, *ante*, p. 29.

### OPINION OF THE COURT BY PERRY, J.

(Galbraith, J., dissenting.)

The appellant returned certain named items of property, regarded separately, at a total value of $38,286.12 and gross insurance premiums received during the year, $44,465.79, and all of these regarded as combined property forming the basis

of the enterprise for profit known as Castle & Cooke, Limited, at the aggregate value of $82,591.91. The assessor, proceeding under Section 820, C. L., assessed the combined property at $516,630, thus:

| | | |
|---|---:|---:|
| 10,000 shares capital stock at $260.00 . . . . . . . . . . . . . . . | | $2,600,000 00 |
| Less . . . . . . . . . . . . . . . . . . .$ | 300,000 00 | |
| Less Hawn. stocks, assessed valuation . . . . . . . . . . . . . . | 1,724,179 10 | |
| Less Insurance premiums. . . . . . | 45,125 46 | |
| Less Land in California. . . . . . . | 14,064 98 | |
| | | 2,083,370 00 |
| | | $ 516,630 00 |

The Court of Tax Appeals fixed the valuation at $426,631.00, thus:

| | | |
|---|---:|---:|
| 10,000 shares at $260. . . . . . . . . | | $2,600,000 00 |
| Less 15% . . . . . . . . . . . . . . . .$ | 390,000 00 | |
| Less Hawn. stocks, assessed valuation . . . . . . . . . . . . . . | 1,724,179 00 | |
| Less Insurance premiums. . . . . . | 45,126 00 | |
| Less Land in California. . . . . . . | 14,064 00 | |
| | | 2,173,369 00 |
| | | $ 426,631 00 |

Of the questions of law raised in this case, all but one are considered and disposed of in the decision just rendered in the case of *C. Brewer & Co., ante,* p. 29, and that one is whether or not goods purchased without and not yet within the Territory are taxable to the appellant. We think that they are not. The tax prescribed by the statute, Section 817, is imposed only on property "within the Territory." It is contended, however, that the tax may in this case be imposed under the head of "contracts," that the appellant has "contracts for these goods to ar-

rive"; but the evidence adduced shows that the goods had been purchased and were already the property of the appellant. There was no contract. That the appellant might have sold the goods before arrival, does not of itself render them taxable.

The valuation of the taxable property is fixed at $38,286.12, as returned. In addition to this the amount of gross insurance premiums received by the company is, of course, subject to the specific tax provided by the statute.

Mr. Justice Galbraith dissents.

*Robertson & Wilder* for assessor.

*W. R. Castle* for taxpayer.